UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARCUS BUSEY, | ) |
| Petitioner, | ) |
| v. | ) No. 2:24-cv-00024-RHH |
| CLAY STANTON, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed case comes before the Court on self-represented petitioner Marcus Busey's letter to the Clerk construed as a motion to reopen this matter. ECF No. 6. For good cause shown, the Court will grant petitioner's request.[1] The Clerk will be directed to detach from the motion and docket: (1) the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with attachments labeled Exhibit A through E; (2) the "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases;" and (3) the "Motion for Appointment of Counsel and Affidavit in Support." Having reviewed the financial information provided by petitioner, the Court will grant the motion to proceed *in forma pauperis*. Additionally, petitioner will have thirty (30) days to file a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner lists three grounds for appeal in which he appears to be challenging his 2006 conviction.[2] If it is petitioner's intent to challenge his conviction, he *must* ensure his claims are

---

[1] This action was closed on May 9, 2024 for petitioner's failure to comply with the Court's Order, dated March 28, 2024, which required him to amend his habeas filing on a Court-form for § 2254 petitions and to either pay the $5 filing fee or submit a motion to proceed *in forma pauperis*. *See* ECF Nos. 4, 5. In the instant letter to the Clerk, petitioner indicates he was unable to respond because he was on suicide watch from March 12, 2024 to August 27, 2024. ECF No. 6.

[2] Petitioner asserts a juror was not fair and impartial, and trial counsel provided ineffective assistance of counsel.

timely under the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts directs that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, it appears any attempt to challenge his original conviction would be untimely. If it is petitioner's intent to challenge his conviction, he must explain why the above statute of limitations does not bar his habeas petition, which would include any equitable tolling argument.

The Court notes that in the section of the form designated for him to address the timeliness of his petition, petitioner writes: "I am being held against my liberty, because my maximum release date of 01/16/2021 was 3 years and 8 months ago." ECF No. 6 at 13. He cites to attachments related to his sentencing. He seeks "[i]mmediate release from custody of the Missouri Department of Corrections, due to being held 44 months past [his] maximum release date." Based on these statements, it appears his petition is actually challenging the calculation of his release date, rather than his original conviction. Thus, the Court requires petitioner to submit an amended petition to

2

clarify the specific grounds for his habeas petition. If petitioner is challenging his release date, rather than the conviction itself, his petition *must be clear* and only provide information related to his argument that he is being held past the time he was sentenced.

In submitting an amended habeas petition, the Court highlights that under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. *See, e.g., Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The United States Supreme Court has held that a prisoner has no right to be released prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). For example, the Supreme Court has made clear that an inmate does not have a constitutionally protected liberty interest in the possibility of parole, *id.* at 9-11, and the United States Court of Appeals for the Eighth Circuit Court and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole, *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Further, Missouri inmates do not have a liberty interest in conditional release, *Watson v. Clover*, 102 F. App'x 519, 519 (8th Cir. 2004); *Weston v. Denney,* 2014 WL 988802, at * 1 (W.D. Mo. Mar. 13, 2014), or in good time credit or their time credit release date, *Walter v. Prudden*, 2011 WL 1979606, at *1-2 (May 20, 2011) (explaining that good time credits merely entitle inmates to consideration of administrative parole; great discretion is awarded to the Missouri Board of Probation & Parole.). Therefore, to any extent the amended petition does not allege a violation of the Constitution, his claim(s) will not be cognizable in federal habeas.

3

Accordingly,

**IT IS HEREBY ORDERED** that the letter to the Clerk of Court construed as a motion to reopen this closed matter [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed in Forma Pauperis in **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach from the motion and docket: (1) the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with attachments labeled Exhibit A through E; (2) the "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases;" and (3) the "Motion for Appointment of Counsel and Affidavit in Support."

**IT IS FURTHER ORDERED** that petitioner shall file a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 within **thirty (30) days** of the date of this Order in compliance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 24th day of September, 2024.

　　　　　　　　　　　　　　　　　　　　／s／ Rodney H. Holmes
　　　　　　　　　　　　　　　　　　　　RODNEY H. HOLMES
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE